IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TERRY A. DEVEREAUX,

       Plaintiff,

v.                                              Civil Action No. 3:13-CV-03737-N-BK

YRC WORLDWIDE, INC.,

       Defendant.

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

This cause has been referred to the undersigned for pretrial management. The case is currently before the Court for a recommendation on Defendant's *Motion to Dismiss and Substitute in Proper Defendant*. (Doc. 10). For the reasons that follow, it is recommended that the motion be **DENIED**.

### A. Procedural History

In September 2013, the *pro se* Plaintiff filed this employment discrimination lawsuit against Defendant YRC Worldwide, Inc. ("YRC Worldwide").[1] (Doc. 3). He alleges that YRC Worldwide subjected him to a hostile work environment based on his race and color in violation of 42 U.S.C. § 1981. *Id.* at 2-5. Relying on Rule 12(b)(6) of the Federal Rules of Civil Procedure, YRC Worldwide moves to dismiss the action against itself and substitute in as the appropriate defendant YRC, Inc., d/b/a YRC Freight ("YRC Freight"). (Doc. 10). YRC Worldwide argues that (1) it has never been Plaintiff's employer; (2) YRC Freight is solely

---

[1] A *pro se* complaint raising similar section 1981 allegations was filed in *Tolliver v. YRC Worldwide, Inc.*, No. 13-CV-03739-M-BK, and a recommendation on YRC Worldwide's identical *Motion to Dismiss and Substitute in Proper Defendant* has been entered on this date in that case.

responsible for all management and personnel decisions regarding Plaintiff; and (3) although YRC Worldwide is the parent company of YRC Freight, the latter company operates independently. (Doc. 11 at 2-4). YRC Worldwide has submitted a declaration from YRC Freight's Human Resources manager, attesting to the latter's control over Plaintiff's employment. (Doc. 12-1 at 1).

Plaintiff opposes YRC Worldwide's motion and has attached to his brief: (1) a paycheck stub with the YRC Worldwide logo on it, next to which is the address for YRC, Inc., (Doc.16 at 5); (2) his W-2 form, which lists his employer as YRC, Inc. and the envelope that contained the W-2 that has the YRC Worldwide logo on it, beneath which is the address for YRC, Inc., *id.* at 6; (3) a meeting announcement from the Teamsters local union to all YRC Worldwide Teamster members, *id.* at 7; and (4) a copy of his work badge which states that the badge is the property of YRC Worldwide and contains that company's toll-free phone number, *id.* at 8.

**B.     Applicable Law**

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint should contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).

In deciding a motion to dismiss under Rule 12(b)(6), the court may examine the complaint, documents attached to the complaint, documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claims, and matters of public

record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *see also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (in resolving a Rule 12(b)(6) motion, "the court may consider . . . matters of which judicial notice may be taken."). Documents a plaintiff attaches in a response to a motion to dismiss are also properly considered if the documents are referenced in the complaint and their authenticity is undisputed. *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293-94 (5th Cir. 2008). Apart from these categories of documents, if the court considers matters outside the pleadings, it must convert the Rule 12(b)(6) motion into a motion for summary judgment. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). The Fifth Circuit, however, has opined that when the nature of the supporting materials provided is limited, it is preferable not to convert the dismissal motion into a summary judgment proceeding. *Isquith ex rel. Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988).

**C.     Analysis**

The Court cannot consider the declaration YRC Worldwide submitted with its *Motion to Dismiss* in support of its assertion that YRC Freight is Plaintiff's employer because it is not the type of evidence that a court can review in ruling on a Rule 12(b)(6) motion. In particular, the declaration was neither referred to in Plaintiff's complaint nor central to his claims. *Lone Star Fund*, 594 F.3d at 387. Plaintiff's supporting evidence also cannot be considered because YRC Worldwide disputes its authenticity and, indeed, requests that the Court strike it. *See* Doc. 17 at 3 n.2. Nevertheless, the Court also declines to convert YRC Worldwide's Rule 12(b)(6) motion into a motion for summary judgment given the limited nature of the supporting materials

3

provided and the importance of the issue at stake.  *Isquith*, 847 F.2d at 193 n.3.  Therefore, the only remaining issue is whether YRC Worldwide is entitled to judgment based on the standards governing Rule 12(b)(6).  The only material point YRC Worldwide questions is whether it is Plaintiff's employer.  Because Plaintiff alleges that YRC Worldwide is his employer, and the Court cannot consider the outside evidence presented that suggests otherwise, YRC Worldwide is not entitled to dismissal of this case pursuant to Rule 12(b)(6).  *Campbell*, 43 F.3d at 975.

Moreover, YRC Worldwide's alternative request to "substitute" YRC Freight for itself is not provided for under the procedural rules.  Substitution of parties is only expressly allowed under Rule 25 of the Federal Rules of Civil Procedure.  That rule permits the substitution of parties in the event of a party's death, incompetency, transfer of interest, or death or separation from office if a public officer.  FED. R. CIV. P. 25.  None of its provisions applies here.  Therefore, YRC Worldwide's request to substitute YRC Freight as Defendant should also be **DENIED**.

**D.     Conclusion**

Accordingly, YRC Worldwide's *Motion to Dismiss and Substitute in Proper Defendant* (Doc. 10) should be **DENIED**.

**SO RECOMMENDED** on February 5, 2014.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE